## Commonwealth v. Hoefel

*Frederick J. Scott*, for appellant.
*Clement J. Reap*, for Commonwealth.

HOBAN, J., October 31, 1938.—This is an appeal from an order of the Secretary of Revenue suspending defendant's motor vehicle operator's license.

The appeal is brought under the provisions of the Act of June 22, 1931, P. L. 751, amending section 615 and 616 of The Vehicle Code of May 1, 1929, P. L. 905. At the hearing testimony was taken on behalf of the Commonwealth and defendant, petitioner herein. From the testimony the court makes the following

### Findings of fact

1. On November 20, 1937, at about 8 p.m., defendant, Frederick Hoefel, Jr., a licensed motor vehicle operator, was driving his automobile in a northeasterly direction on the highway about one and one-half miles north of Belfast Junction, in Northampton County, Pa.

2. At the same time another automobile driven by one Capadzolo was driving his own automobile on the same highway in an opposite direction.

3. As defendant approached Capadzolo's car and was about to pass the same he became temporarily confused by the headlights on the Capadzolo car, and as a con-

sequence thereof drove his own car from the center line of the highway and sideswiped the Capadzolo car.

4. Neither vehicle was driven at an unlawful or excessive rate of speed.

5. The accident was investigated immediately thereafter by a member of the Pennsylvania Motor Highway Police.

6. On March 5, 1938, defendant, Frederick Hoefel, Jr., was notified that his motor vehicle operator's license had been suspended for a period of 60 days from March 3, 1938, by the Secretary of Revenue of the Commonwealth of Pennsylvania.

### Discussion

We are convinced that the cause of the accident which involved defendant and Mr. Capadzolo was a temporary confusion caused by the reflection of Capadzolo's headlights into the eyes of defendant. The testimony of Mr. Capadzolo confirms the fact that his headlights were on "high beam" when the vehicles were close together just before the attempted passing.

It seems to us that the only ground for suspension of the license of defendant would be a finding that at the time of the accident he was guilty of reckless driving, as defined under section 1001 of The Vehicle Code, supra, as last amended by the Act of June 29, 1937, P. L. 2329, sec. 3, or a finding that he was guilty of a violation of section 1006 of The Vehicle Code, which provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least one half of the main traveled portion of the highway.

We see nothing in the evidence which warrants a finding of reckless driving as described in subsection (a) of section 1001:

"Reckless driving is unlawful, and . . . is construed to include the following:

"(a) Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregard-

ing the rights or safety of others, or in a manner so as to endanger any person or property."

There was some evidence that prior to leaving the City of Bethlehem defendant had several drinks. The motor police officer testified that when he arrived at the scene alcohol could be detected upon the breath of defendant, but he did not consider that he was intoxicated. Defendant's explanation of the accident seems logical and credible, and combined with the evidence as to the physical facts leads us to reject any finding of reckless driving upon his part.

As to the violation of section 1006 of The Vehicle Code, with reference to the passing of vehicles bound in opposite directions, there is no question but that at the moment of impact and for some short distance prior thereto the left side of defendant's car was on the wrong side of the center of the highway. Technically, this occurrence would appear to be a violation of section 1006 of The Vehicle Code. However, when a satisfactory explanation of the reason for the incident is produced, we do not believe that the bare fact that part of a vehicle was on the wrong side of the road should lead to a finding that there was a violation of this provision of the code which would warrant the application of the penal provisions of the code by summary conviction or suspension or revocation of operating license privileges.

It is realized, of course, that the Commonwealth and officials charged with the control of safety measures for highway traffic must hold motorists to a high standard of care in operation, but it must also be realized that there are occasions when human limitations result in errors of judgment or instinctive reactions which in turn may cause traffic accidents. We think that the situation here presents an apt illustration and that this defendant cannot be charged with any culpable violation of The Vehicle Code. Hence, there are no facts which would warrant the Secretary of Revenue in suspending or revoking the operator's license.

*Conclusions of law*

1. On November 20, 1937, at the time of the collision between the car of defendant and Mr. Capadzolo, defendant, Frederick Hoefel, Jr., was not guilty of a culpable violation of any provision of The Vehicle Code.

2. There are no facts in the case which render defendant, Frederick Hoefel, Jr., subject to suspension of his motor vehicle operator's license under the provisions of section 615 of The Vehicle Code, as amended.

*Order*

Now, October 31, 1938, the court having determined that petitioner, Frederick Hoefel, Jr., is not subject to suspension of motor vehicle operator's license, the appeal is sustained.